**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| STEVEN MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:20-cv-2374-RA |
| | ) | |
| LEBRON JAMES | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT LEBRON JAMES'S ANSWER AND COUNTERCLAIMS TO
<u>PLAINTIFF'S COMPLAINT</u>**

Defendant LeBron James ("Defendant" or "Mr. James") hereby responds to Plaintiff Steven Mitchell's ("Plaintiff") Complaint dated March 17, 2020. Plaintiff's Complaint also makes allegations regarding two additional defendants that Plaintiff has since voluntarily dismissed from this case. Mr. James responds to Plaintiff's allegations only to the extent that they relate to Mr. James and he does not respond with respect to or on behalf of any other defendant. The paragraph numbers below corresponding to those of the Complaint, and Defendant says as follows:

1. Defendant admits that this action purports to be for copyright infringement and that Plaintiff seeks monetary relief under the Copyright Act. Plaintiff's allegations include an assortment of legal conclusions, to which no response is required. Defendant denies all factual statements of this paragraph.

2. Paragraph 2 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 2.

3. Defendant denies the allegations set forth in Paragraph 3.

4. Paragraph 4 contains a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 4.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and, therefore, denies the same.

6. The allegations of Paragraph 6 are incomprehensible because they consist of an incomplete sentence. To the extent understood, Mr. James admits that he is an individual and admits that his Facebook page can be found at www.Facebook.com/LeBron. To the extent that the allegations of Paragraph 6 go further or are inconsistent, they are denied.

7. No response to Paragraph 7 is required since Uninterrupted Digital Ventures, LLC is no longer a defendant in this case.

8. No response to Paragraph 8 is required since LRMR Ventures, LLC is no longer a defendant in this case.

To the extent that a response is required to the unnumbered heading between Paragraphs 8 and 9, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in that heading, and on that basis, Defendant denies them.

9. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and, therefore, denies the same.

10. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and, therefore, denies the same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and, therefore, denies the same.

To the extent that a response is required to the unnumbered heading between Paragraphs 11 and 12, that heading contains a conclusion of law to which no response is required. To the extent that a response is required, Defendant denies the allegation of

that heading.

12. Defendant admits that the url cited in this Paragraph resolves to a posting on his Facebook page. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12, and, therefore, denies the same. To the extent that the allegations of Paragraph 12 go further or are inconsistent, they are denied.

13. Defendant admits that he did not personally request a license to the Photograph from Plaintiff and that he did not personally request Plaintiff's permission or consent to publish the photograph. To the extent that the allegations of Paragraph 14 go further or are inconsistent, they are denied. Defendant avers that he needed no such license, permission or consent.

14. Defendant admits the allegations of Paragraph 14 and avers that he needed no such license, permission or consent.

15. Defendant incorporates herein his responses to all previous paragraphs above as if fully set forth herein.

16. Defendant denies the allegations set forth in Paragraph 16.

17. Plaintiff's allegations as set forth in Paragraph 17 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 17.

18. Defendant denies the allegations set forth in Paragraph 18.

19. Plaintiff's allegations as set forth in Paragraph 19 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 19.

20. Plaintiff's allegations as set forth in Paragraph 20 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 20.

21. Plaintiff's allegations as set forth in Paragraph 21 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 21.

## PLAINTIFF'S PRAYER FOR RELIEF

This section contains no factual allegations and therefore requires no response. To the extent that further pleading is required, Defendant denies that Plaintiff is entitled to any relief from Defendant or the Court, either as prayed for in the Complaint or otherwise. Defendant asks the Court to deny any and all relief requested by Plaintiff against Defendant in his Prayer for Relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court lacks personal jurisdiction over Defendant.

### THIRD AFFIRMATIVE DEFENSE

Venue is improper for this action in the Southern District of New York.

### FOURTH AFFIRMATIVE DEFENSE

Defendant's acts complained of herein are permitted and protected under the fair use provisions of the Copyright Act, 17 U.S.C. § 107.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are barred or mitigated by the doctrine of copyright apportionment.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of unclean hands and equitable estoppel.

### COUNTERCLAIMS

By and through undersigned counsel of record, Defendant as and for Defendant's Counterclaims against Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over Defendant's Counterclaims under the provisions of 28 U.S.C § 1332.

2. Plaintiff has consented to the personal jurisdiction of this Court through the filing of Plaintiff's Complaint in this action.

3. Based solely on Plaintiff's filing of this action, venue for Defendant's Counterclaims is proper, though not necessarily convenient, in this District.

### THE PARTIES

4. Upon information and belief, Plaintiff Steven Mitchell is an individual who is domiciled in Florida.

5. Mr. James is an individual who is domiciled in California.

## STATEMENT OF FACTS

6. Mr. James is a world-renowned professional basketball player in the National Basketball Association ("NBA").

7. Mr. James has played in the NBA for the Cleveland Cavaliers, Miami Heat, and Los Angeles Lakers.

8. Throughout his career, Mr. James has licensed his image and likeness to others for many commercial purposes.

9. Mr. James has generated enormous revenues through licensing his image and likeness.

10. Mr. James has never licensed or otherwise permitted the use of his image or likeness for any purpose to Plaintiff.

11. Plaintiff's use of Mr. James's image and likeness is without any authorization by Mr. James.

12. Plaintiff has displayed various photographs containing Mr. James's image and likeness on Plaintiff's website, www.stevenmitchellphotography.com ("Plaintiff's Website").

13. Upon information and belief, Plaintiff uses Plaintiff's Website to at least advertise and promote Plaintiff's photography services, and, upon information and belief, Plaintiff has sold photographs containing the image and likeness of Mr. James.

14. Plaintiff claims that he licenses photographs he has taken to online and print

media for a fee. Upon information and belief, he has done so with respect to photographs containing the image and likeness of Mr. James.

### CLAIMS FOR RELIEF
### COUNT 1 – CAL CIV. CODE § 3344

15. Defendant incorporates by reference each and every allegation contained in Defendant's allegations to Counterclaims Paragraphs 1-14 above.

16. Plaintiff neither sought nor received an implied or explicit license, authorization, or other permission form Mr. James to exploit Mr. James's image or likeness for any purpose.

17. In all of Plaintiff's commercial uses of Mr. James's image and likeness, Mr. James is readily identifiable.

18. Plaintiff has exploited Mr. James's image and likeness for commercial gain.

19. Plaintiff has exploited Mr. James's image and likeness to promote Plaintiff's photography services.

20. At all relevant times, Plaintiff's exploitation of Mr. James's image and likeness was intentional.

21. Plaintiff's complained of exploitations of Mr. James's image and likeness were not in connection with any news, public affairs, sports broadcast or account, or any political campaign.

22. At all relevant times, Plaintiff's exploitation of Mr. James's image and likeness was without Mr. James's consent.

23.     Plaintiff's aforesaid uses of photographs which contain Mr. James's image and likeness violate Mr. James's right of publicity under Cal. Civ. Code § 3344.

24.     Plaintiff's unauthorized exploitation of Mr. James's image and likeness has caused Mr. James actual damages, in an amount in excess of $75,000.

25.     Mr. James is entitled to attorneys' fees and all costs pursuant to Cal. Civ. Code § 3344 for violation of the same.

## COUNT 2 – RIGHT OF PUBLICITY

26.     Defendant incorporates by reference each and every allegation contained in Defendant's allegations to Counterclaims Paragraphs 1-25 above.

27.     Plaintiff's complained of uses of Mr. James's image, likeness, and identity clearly identify Mr. James.

28.     Plaintiff's use of Mr. James's image, likeness, and identity were used to Plaintiff's commercial advantage.

29.     Plaintiff used Mr. James's image, likeness, and identity without Mr. James's consent.

30.     Plaintiff's use of Mr. James's image, likeness, and identity has caused Mr. James injury.

## PRAYERS FOR RELIEF

WHEREFORE, Defendant respectfully requests judgement and relief against Plaintiff Steven Mitchell, including:

    A.       Adjudging that Plaintiff has infringed Mr. James's right of publicity;

    B.       Permanently enjoining Plaintiff and any and all of Plaintiff's agents, assigns, successors in interest, from continuing the acts constituting violation of Mr. James's right of publicity;

    C.       Adjudging that an accounting be had for damages caused by Plaintiff's unlawful exploitation of Mr. James's right of publicity;

    D.       Attorneys' fees be paid to Defendant in connection with pursuing recourse for Plaintiff's unlawful acts pursuant to Cal. Civ. Code § 3344; and

    E.       Any such other and further relief as this Court may deem just and proper.

Respectfully submitted,

  */s/ Howard J. Shire*
Howard J. Shire, Esq.
Troutman Pepper Hamilton Sanders LLP
The New York Times Building, 38th floor
620 Eighth Avenue
New York, NY 10018-1405
Tel.: (212) 808-2722
Fax: (866) 477-8580
Email: shireh@pepperlaw.com

Anthony H. Cataldo (*pro hac vice to be filed*)
Troutman Pepper Hamilton Sanders LLP
19th Floor, High Street Tower
125 High Street
Boston, MA 02110-2736
Telephone: 617.204.5100
Facsimile: 617.204.5150
Email: cataldoa@pepperlaw.com

**Counsel for Defendant LeBron James**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on Monday, August 10, 2020 a copy of the foregoing document was filed electronically via the Court's Electronic Case Filing System and thereby served upon all counsel of record.

                                            */s/ Howard J. Shire*
                                            Howard J. Shire