Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel: (310) 984-6762
Fax: (310) 775-4466
andrew@andrewdelahunt.com

Kevin McCulloch, Esq. (*pro hac vice*)
Nate Kleinman, Esq. (*pro hac vice*)
 McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
Fax: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE MITCHELL, | Case No. 2:20-cv-08188-GW-JPR |
| *Plaintiff* | Hon. George H. Wu |
| v. | |
| LEBRON JAMES, | |
| *Defendant*. | |

**FIRST AMENDED COMPLAINT**

Plaintiff Steven Mitchell ("Mitchell" or "Plaintiff"), by and through his undersigned counsel, as and for his First Amended Complaint against Defendant LeBron James ("James" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act of the United States, as amended, 17 U.S.C. § 101, *et seq.*, arising out of Defendant's unauthorized copying, reproduction, public display, and distribution of a copyrighted photograph owned and registered by Plaintiff, a professional photographer. Accordingly, Plaintiff seeks monetary and injunctive relief under Sections 502 and 504 of the Copyright Act. 17 U.S.C. §§ 502; 504.

2. This also is an action under Section 1202 of the Copyright Act for both the intentional removal of copyright management information and the distribution of copyrighted material knowing that the copyright management information had been removed without the authority of the copyright owner arising out of Defendant's deliberate removing of the explicit attribution and credit that accompanied the original, authorized publication of the photograph that Defendant copied and republished without permission and which identified Plaintiff Mitchell as the photographer who created and owned the photograph at issue in this action, which Defendant did knowing and/or having reasonable grounds to know that such removal would facilitate, enable, and/or conceal his infringement. Accordingly, Plaintiff seeks monetary and injunctive relief under Section 1203 of the Copyright Act. 17 U.S.C. § 1203.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (conferring original jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States"), and 28 U.S.C. § 1338(a) (conferring original jurisdiction of any Act of Congress related to copyrights).

4. This Court has personal jurisdiction over Defendant because he is a resident of California and conducts substantial business in this District.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendant may be found here and has consented to venue in this Court.

# PARTIES

6. Plaintiff Mitchell is a professional freelance photographer and photojournalist in the business of creating and licensing his photographs to online and print media.

7. Mitchell is a resident of Florida.

8. Mitchell licenses his sports photographs primarily through Imagn Content Services, LLC ("Imagn"), a division of the USA Today media network ("USA Today Sports").

9. James is a professional basketball player in the National Basketball Association ("NBA") who currently plays for the Los Angeles Lakers.

10. Upon information and belief, James is a resident of Los Angeles, California.

11. Upon information and belief, James personally controls and operates various social media accounts, including a Facebook page at the URL www.facebook.com/LeBron and Instagram page at the URL www.instagram.com/kingjames, through which he connects with his approximately 100 million combined followers.

# STATEMENT OF FACTS

*Plaintiff's Creation and Ownership of the Photograph*

12. On December 13, 2019, Mitchell took a photograph of James during a basketball game between the Los Angeles Lakers and the Miami Heat (the "Photograph") in Miami, Florida, as shown below.



13. A true and correct copy of the Photograph is attached hereto as <u>Exhibit 1</u>.

14. Mitchell is the sole author and creator of the Photograph and owns all copyrights therein.

15. The Photograph is registered with the United States Copyright Office under Copyright Registration Number VA 2-190-180, effective December 16, 2019.

16. Mitchell took the Photograph during a professional basketball game involving the Los Angeles Lakers and Miami Heat that was organized and sanctioned by the NBA.

17. Mitchell attended and photographed this basketball game as a photojournalist pursuant to an authorized media credential issued to him by the NBA and Miami Heat.

### *Defendant's Infringing Activities*

18. Upon information and belief, on December 14, 2019, Defendant copied and published Plaintiff's Photograph to his Instagram account, as shown below.



19. Attached hereto as <u>Exhibit 2</u> is a true and correct copy of a screen capture showing Defendant's posting of the Photograph on Instagram.

20. Upon information and belief, on December 14, 2019, Defendant also copied and published the Photograph to his Facebook account, as shown below.



21. Attached hereto as Exhibit 3 is a true and correct copy of a screen capture showing Defendant's posting on Facebook.

22. Upon information and belief, Defendant personally copied the Photograph from another social media account that published the Photograph.

23. Upon information and belief, Defendant copied the Photograph from a prior Instagram post by the official USA Today Sports account which also published the Photograph on December 14, 2020, as shown below.



24. Attached hereto as Exhibit 4 is a true and correct copy of the USA Today Sports Instagram post.

25. The USA Today Sports post included an explicit credit to Plaintiff (@stevemitchellphoto) directly below the Photograph that served as the Instagram equivalent of a "gutter credit" in that it used a camera "emoji" that identified Plaintiff as the photographer who created and owns the copyrights to the Photograph, as well as a hyperlink to the official Imagn account (@imagncontent) where the Photograph could be licensed.

26. Upon information and belief, no other social media accounts published the Photograph prior to Defendant's unauthorized copying and republication of the Photograph.

27. Upon information and belief, Defendant personally controls his various social media accounts and personally selected, copied, and published the Photograph and he is personally and solely responsible for the removal of the copyright management information that was published with the Photograph.

### *Defendant's Unauthorized Use Of The Photograph Was Commercial In Nature*

28. Upon information and belief, Defendant has numerous contracts and dealings with various companies that include endorsement deals pursuant to which Defendant earns substantial sums of money to endorse various products and brands.

29. Upon information and belief, pursuant to at least some of these endorsement deals Defendant is contractually obligated and/or has financial incentives to promote to the public the products and brands that he endorses, including by publishing photographs of himself using (*e.g.*, driving, wearing, consuming, etc.) such products and brands.

30. Defendant routinely uses his social media platforms, including his Facebook and Instagram accounts at issue in this action, to promote various brands and products, including by both publishing explicitly "sponsored" social media posts that directly reference or promote a brand or product and by including products and brands in posts that are not explicitly identified as "sponsored" content (*i.e.* "product placement").

31. Upon information and belief, Defendant's Facebook account is configured as a public figure "page," which functions more like a business/organizational account to connect with fans and customers, rather than a standard personal account to connect with friends and family.

32. One feature of a Facebook public figure and/or business "page" is the ability of the account owner to select specific photos to be featured and prominently displayed on the landing page of the account, instead of just displaying the most recently-posted images.

33. Upon information and belief, Defendant deliberately chose Plaintiff's Photograph to be one of only three featured photos on his Facebook landing page, which was visible to his many millions of followers, and deliberately and intentionally selected the Photograph to appear directly next to a commercial and promotional photograph of a new iteration of his Nike "LeBron 17" shoe line, which not coincidentally was released on Christmas day 2019, shortly after Defendant's unauthorized copying and republication of Plaintiff's Photograph.



34. Attached hereto as <u>Exhibit 5</u> is a true and correct copy of a screen capture showing the main page of Defendant's Facebook account on or about December 27, 2019.

35. In Plaintiff's Photograph, Defendant is depicted prominently wearing the Nike LeBron 17 shoe in a bright neon colorway while dunking the basketball during a game against his former team, the Miami Heat.

36. Upon information and belief, Defendant has an endorsement deal with Nike.

37. Upon information and belief, Defendant's endorsement deal with Nike is a lucrative engagement pursuant to which Defendant is paid to endorse and advertise Nike products, including by being seen wearing Nike products.

38. Upon information and belief, Defendant's contract with Nike includes express obligations and/or financial incentives to endorse and promote Nike footwear through social media content, including by publishing photographs that show Defendant wearing Nike footwear and apparel.

39. Upon information and belief, Defendant has a financial incentive to use his social media platforms for the purpose of promoting and endorsing Nike footwear through product placement.

40. Upon information and belief, Defendant reaps a direct financial benefit by using product placement as a technique to promote Nike footwear to his approximately 100 million social media followers on Facebook and Instagram.

41. Upon information and belief, Defendant's various endorsement contracts over the course of his career have provided him with similar incentives to use his social media platforms for product placement purposes, and Defendant has significant experience with such tools and incentives.

42. Upon information and belief, Defendant intentionally selected Plaintiff's Photograph to publish to his social media accounts and personally and deliberately took actions to feature the Photograph on the main page of his Facebook page directly adjacent to an explicit Nike product photograph because it prominently featured him wearing his Nike LeBron 17 shoes.

43. Upon information and belief, Defendant published the Photograph at least in part and/or knowing that it would function to promote his soon-to-be-released Nike LeBron 17 "More Than An Athlete" shoes shortly before the release date in order to increase shoe sales.

44. Upon information and belief, the "More Than An Athlete" line/iteration of the Nike LeBron 17 shoe that was released by Nike on Christmas Day 2019 was co-created and co-designed by Defendant's business venture "UNINTERRUPTED."

45. Upon information and belief, Defendant was directly involved in the design, creation, and promotion of the "More Than An Athlete" shoe line.

46. Upon information and belief, the "More Than An Athlete" shoe was designed based on the LeBron 17 model prominently featured in the Photograph.

47. Upon information and belief, Defendant was aware of the upcoming release of the "More Than An Athlete" line of the LeBron 17 at the time of his unauthorized copying and publication of the Photograph.

48. Upon information and belief, the "More Than An Athlete" shoe features a dry erase material and comes with customized markers, allowing customers the ability to include personal drawings and/or statements on their shoes.

49. Upon information and belief, the brightly colored LeBron 17 shoes that are so prominent in the Photograph included personal statements and writings by Defendant, further linking and associating the shoes in the Photograph with the Defendant's then soon-to-be-released "More Than An Athlete" shoe line.

50. Much like other celebrities and public figures that earn substantial sums of money as "influencers" on social media, the content that Defendant posts to his social media accounts is intended at least in part to attract additional followers and, as a direct result, allow him to charge even greater sums of money to third-party sponsors who wish to take advantage of Defendant's influence to endorse and promote their brands and products.

51. Upon information and belief, Defendant included various hashtags with his unauthorized publication of the Photograph, including but not limited to #SFG ("Strive For Greatness"), for the express purpose of increasing the number of views and likes that his post

would garner—a common tactic of prominent social media influencers, and a tactic that Defendant has used for many years to generate more views and likes and media attention for his social media accounts.

52. As a result of Defendant's deliberate actions, Defendant's unauthorized publication of the Photograph was distributed to his nearly 100 million followers and garnered over two million "likes" on social media.

53. Upon information and belief, Defendant has a financial incentive to increase his social media followers and publish content that results in "likes" and attracts more followers.

54. Upon information and belief, Defendant has a financial incentive to promote the Nike brand and Nike products by publishing content to his social media account.

### *Defendant's Conduct was Knowing, Willful, and/or Willfully Blind*

55. Upon information and belief, Defendant knew or was willfully blind to the fact that the Photograph was protected by copyright and owned by Plaintiff.

56. The original USA Today Sports post publishing the Photograph that, upon information and belief, Defendant copied and republished without permission to his own social media accounts included an explicit attribution and gutter credit identifying Plaintiff as the photographer who created the Photograph and Imagn as the commercial entity responsible for licensing the Photograph.

57. Upon information and belief, Defendant has significant experience with social media and is aware and knows that a photography credit that accompanies and is published directly below a photograph published to a social media account is intended to and does identify the creator and/or owner of the photograph.

58. Upon information and belief, Defendant knows that he is not permitted to copy and republish photographs from other social media accounts without permission or authorization.

FIRST AMENDED COMPLAINT                 - 10 -               CASE NO. 2:20-CV-08188-GW-JPR

59. Upon information and belief, Defendant has significant experience with copyright and other intellectual property matters through his own businesses and media ventures.

60. Upon information and belief, Defendant is himself the owner of and/or has a financial interest in substantial intellectual property rights, including registered copyrights in his own name and trademarks registered through his company LBJ Trademarks.

61. Upon information and belief, Defendant has substantial and direct experience defending and enforcing his own intellectual property rights against infringement and other unlawful uses.

62. Upon information and belief, prior to copying Plaintiff's Photograph, Defendant was fully aware that copying and publishing a photograph from another social media account without permission and/or a license is unlawful and that permission from the copyright owner was required before copying and republishing a photograph.

63. Upon information and belief, Defendant chose not to merely "like" or otherwise promote the original USA Today Sports post of Plaintiff's Photograph, but instead chose to illegally copy and repost the Photograph without permission and without including the gutter credit identifying Plaintiff as the photographer.

64. Upon information and belief, Defendant willfully ignored and ultimately removed the credit and ownership information that accompanied the Photograph when copying and publishing it to his approximately 100 million social media followers.

65. Upon information and belief, Defendant failed to remove the Photograph from his social media accounts until at least five months after this lawsuit was filed and only after repeatedly being put on notice, through his legal counsel, of his infringement of Plaintiff's copyrights, and at least after August 21, 2020.

66. Upon information and belief, Defendant has copied and published other photographs to his social media account without permission, including at least one other photograph created and owned by Plaintiff.

67. Upon information and belief, Defendant's repeated infringement of Plaintiff's copyrights further demonstrates that Defendant's conduct was willful under the law and that more substantial damages are warranted.

## COUNT I
## COPYRIGHT INFRINGEMENT

68. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

69. Plaintiff created and is the sole author of the Photograph, and retained all copyrights in all photographs that he created and licensed through Imagn.

70. Plaintiff's licensing agreement with Imagn expressly allows him to publish and display his photos on his own personal portfolio website.

71. The foregoing acts by Defendant LeBron James constitute an intentional and willful infringement of Plaintiff's copyright in the Photograph identified herein (registered under Copyright Registration No. VA 2-190-180) pursuant to Sections 106 and 501 of the Copyright Act.

72. Defendant infringed Plaintiff's copyright by copying, reproducing, publishing, distributing, and publicly displaying the Photograph on his social media accounts without valid authorization, license, or permission.

73. Plaintiff did not grant Defendant permission, authorization, or a license to copy and/or publish the Photograph in any manner.

74. Defendant never requested or sought permission from Plaintiff or Imagn or any other entity/person to use the Photograph on his social media accounts.

75. Defendant's infringement was knowing, intentional, and/or reckless, including because he willfully ignored copyright information accompanying the Photograph prior to copying and publishing it to his own social media accounts.

76. Through his copying and extended public display of Plaintiff's Photograph, Defendant has caused Plaintiff significant injuries, damages, and losses in amounts to be determined at trial.

### COUNT II
### UNAUTHORIZED REMOVAL OF
### COPYRIGHT MANAGEMENT INFORMATION

77. Plaintiff repeats and re-alleges each allegation set forth above as if set forth fully herein.

78. Upon information and belief, prior to publishing the Photograph to his social media accounts, Defendant intentionally removed, cropped out, and/or failed to include the credit information that accompanied the authorized post of the Photograph by Imagn/USA Today Sports and which provided a gutter credit to Plaintiff that explicitly identified Mitchell as the photographer and creator/owner of the Photograph.

79. By intentionally removing, cropping out, and/or failing to include the explicit credit and attribution information, Defendant removed explicit copyright management information.

80. Defendant published and distributed Plaintiff's copyrighted Photograph knowing that the copyright management information had been removed without the authority of the copyright owner.

81. Defendant removed Plaintiff's copyright management information knowing and/or having reasonable grounds to know that such removal would facilitate, enable, and/or conceal his infringement of Plaintiff's copyrights in the Photograph.

82. Upon information and belief, Defendant removed, cropped out, and/or failed to include Plaintiff's credit/attribution information for the purpose of hiding the fact that he had

copied the Photograph without permission and thus concealing his infringement and making it less likely that Plaintiff would discover and be aware of Defendant's unauthorized copying and reposting of the Photograph.

83. Defendant's intentional and unauthorized removal of copyright management information constitutes a separate violation of the U.S. Copyright Act, *see* 17 U.S.C. § 1202(b).

84. In addition to damages for copyright infringement, Plaintiff seeks all damages recoverable under the Copyright Act for this separate violation of 17 U.S.C. § 1202, including under 17 U.S.C. § 1203.

**WHEREFORE,** Plaintiff respectfully prays for judgment on his behalf and for the following relief:

1. A trial by jury of all claims and issue so triable;

2. A permanent injunction against Defendant from copying, displaying, distributing, advertising, promoting, and/or exploiting in any manner the copyrighted work identified herein, and requiring Defendant to deliver to the Court for destruction or other appropriate disposition all relevant materials, including digital files of Plaintiff's Photograph and all copies of the infringing materials described in this complaint that are in the control or possession or custody of Defendant;

3. All allowable damages under the Copyright Act, including, but not limited to, statutory or actual damages, including damages incurred as a result of Plaintiff's loss of licensing revenue and Defendant's profits attributable to infringements, and damages suffered as a result of the lack of credit and attribution, as well as for removal/alteration of copyright management information;

4. Plaintiff's full costs and attorneys' fees incurred in pursuing and litigating this matter;

5. Any other relief authorized by law, including punitive and/or exemplary damages; and

6. For such other and further relief as the Court deems just and proper.

Dated: September 25, 2020

                                                Respectfully submitted,

/s/ Kevin P. McCulloch
Kevin McCulloch, Esq. (*pro hac vice*)
Nate Kleinman (*pro hac vice*)
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, New York 10017
Tel: (212) 355-6050
kevin@mkiplaw.com
nate@mkiplaw.com

-and-

Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel: (310) 984-6762
Fax: (310) 775-4466
andrew@andrewdelahunt.com