UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN MITCHELL, | Case No. 20-cv-08188-GW-JPR |
| *Plaintiff*, | Hon. George H. Wu |
| v. | |
| LEBRON JAMES, | **RULE 26(f) JOINT REPORT AND PROPOSED DISCOVERY PLAN** |
| *Defendant*. | |

Plaintiff Steven Mitchell ("Plaintiff") and Defendant LeBron James ("Defendant") (together as the "Parties"), by and through their respective undersigned counsel, do hereby jointly submit this report outlining their proposed discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and this Court's Local Civil Rule 26-1.

**I.  Rule 26(f)(3) Topics**

**A.**  The Parties shall file their respective initial disclosures pursuant to Rule 26(a) on or before November 9, 2020.

**B.**  With respect to the claims asserted in his First Amended Complaint, Plaintiff anticipates discovery on the following topics: (i) Defendant's acquisition, copying, publication, and use of Plaintiff's photograph; (ii) Defendant's use of his

social media accounts for commercial and/or endorsement/promotion purposes, including the use of his social media accounts as an "influencer" and any revenue generated by Defendant from such activities; (iii) Defendant's knowledge/understanding of and/or experience with the use of third-party content on social media, including crediting, obtaining permission and/or rights clearances; (iv) any revenue or commercial benefits Defendant derived from the publication and/or use of Plaintiff's photograph, including the uses as alleged in the First Amended Complaint; (v) Defendant's history of using third-party photographs on his social media accounts without proper permission, including but not limited to any prior instances of Defendant copying and publishing photographs from other social media accounts without proper permission; (vi) prior instances of Defendant copying and republishing Plaintiff's photographs on social media without proper permission; (vii) the information identified in Defendant's anticipated discovery; (viii) factual matters relevant to any affirmative defenses hereafter asserted by Defendant; and (ix) Plaintiff's damages caused by Defendant's violations of his rights. With respect to Defendant's counterclaim, Plaintiff anticipates discovery on the following topics: (x) Defendant's standing to pursue any such counterclaims; (xi) Defendant's contracts during the relevant timeframe with the National Basketball Association ("NBA"), the NBA Players' Association, and any relevant NBA teams/franchises that include any provision relating to the licensing or disposition of player likeness and/or publicity rights; (xii) Defendant's efforts or lack thereof to protect his image, likeness, or publicity rights against any media outlets or photojournalists relating to the exploitation of photographs taken during NBA-sanctioned events/games, or his acquiescence to such exploitation; and (xiii) any damages claimed by Defendant, and the basis and support therefore during the relevant timeframe; and (xiv) other documents upon which Defendant intends to rely to support his counterclaims in this matter.

Defendant anticipates discovery on the following topics: (j) the information identified in Plaintiff's anticipated discovery; (ii) evidence of Plaintiff's alleged authorship, ownership, and registration of the photograph at issue in this matter; (iii) Plaintiff's alleged contracts that he contends entitle him to use Defendant's image, likeness, or identity without Defendant's permission; (iv) Plaintiff's use of Defendant's image, likeness, or identity on his website and social media accounts and in any other way for promotional purposes; (v) the value of Plaintiff's use of Defendant's image, likeness, or identity for promotional purposes; (vi) Plaintiff's revenue and profits in connection with sale of photographs containing Defendant's image, likeness, or identity; (vii) Plaintiff's revenue and profits on any sales to customers who viewed Plaintiff's promotional use of Defendant's image, likeness, or identity, including, for example, on Plaintiff's website and social media accounts; (viii) any prior history by Plaintiff of using the image, likeness, or identity of others without permission; (ix) any damages claimed by Plaintiff; and (x) other documents upon which Plaintiff intends to rely to support his claims, defenses, and alleged damages in this matter.

The Parties agree that all fact discovery should be completed by six months after the Court decides any motion(s) by Plaintiff pursuant to Fed. R. Civ. P. 12 and shall not be conducted in phases.

**C.** The Parties do not anticipate any issues regarding disclosure, discovery, or preservation of electronically stored information ("ESI") at this time. The Parties anticipate producing ESI, if any, with searchable text in native format or image format.

**D.** The Parties do not anticipate any disputes or issues regarding claims of privilege or of protection as trial-preparation materials at this time. Since discovery has not begun the Parties do not know if there will be any issues regarding the confidentiality of documents or information to be produced. Should either party's responses to discovery requests contain confidential information or should either

party otherwise produce confidential information, the parties agree to work together to negotiate in good faith a joint proposed protective order.

E. The Parties do not request any changes in the limitations on discovery imposed under the Federal Rules of Civil Procedure or this Court's Local Rules.

F. The Parties submit that no other orders are necessary at this time. The Parties understand that the October 26 scheduling conference shall be conducted by telephone, in accordance with the Court's General Order 20-09 concerning the current risks of COVID-19.

## II. Local Rule 26-1 Topics

A. *Complex Cases*. The Parties do not view this case as overly complex and do not believe the procedures of the Manual For Complex Litigation are necessary at this time.

B. *Motion Schedule*. Plaintiff already has filed a motion to dismiss Defendant's counterclaims. Plaintiff anticipates filing at the close of discovery a motion for summary judgment regarding Defendant's liability for copyright infringement. Plaintiff also anticipates that moving to strike/dismiss certain affirmative defenses may be appropriate prior to the close of discovery. Defendant believes it is premature at this very early stage of the case to indicate whether he will file any additional motions. Defendant has made no decision in this regard at the present time. The Parties agree that any dispositive motions shall be filed by one month following the close of expert discovery or, if there is no expert discovery period, then by two months following the close of fact discovery.

C. *ADR*. The Parties agree to ADR Procedure No. 1 (L.R. 16-15.4) – to appear before the district judge or magistrate judge for such settlement proceedings as the judge may direct. The Parties submit that this ADR session should occur within thirty (30) days of the Court's decision on Plaintiff's motion to dismiss Defendant's counterclaims.

D. *Trial Estimate*. The Parties anticipate a trial lasting 1-2 days.

  **E.** *Additional Parties.*  No additional parties are anticipated at this time.

  **F.** *Expert Witnesses.*  The Parties shall identify all anticipated expert witnesses by the close of all fact discovery; serve any opening expert reports by 30 days following the close of fact discovery; serve any rebuttal expert reports by 60 days following the close of fact discovery; and complete all expert discovery within 90 days following the close of fact discovery.

Dated:  October 15, 2020

                Respectfully submitted,

           /s/ Nate A. Kleinman
           Nate. A. Kleinman[1] (*pro hac vice*)
           McCulloch | Kleinman Law
           501 Fifth Avenue, Suite 1809
           New York, New York 10017
           T: (212) 355-6050
           F: (206) 219-6358
           nate@mkiplaw.com
           *Plaintiff's Counsel*

          /s/ Howard Shire
          Howard Shire (*pro hac vice*)
          Troutman Pepper Hamilton Sanders LLP
          620 Eighth Avenue, 37th Floor
          New York, New York 10018
          T: 212-808-2700
          F: 212-286-9806
          Howard.shire@troutman.com
          *Defendant's Counsel*

---

[1] Attorney Kleinman attests that all other signatories listed, and on whose behalf this filing is submitted, concur in the filing's content and have authorized the filing.