Andrew Delahunt, Esq. (SBN 285512)
Law Office of Andrew Delahunt
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel: (310) 984-6762
Fax: (310) 775-4466
andrew@andrewdelahunt.com

Kevin McCulloch, Esq. *(pro hac vice)*
Nate Kleinman, Esq. *(pro hac vice)*
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
Fax: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| STEVEN MITCHELL,<br><br>*Plaintiff*,<br><br>v.<br><br>LEBRON JAMES,<br><br>*Defendant*. | Case No. 20-cv-08188-GW-JPR<br><br>Before: Hon. George H. Wu<br>Hearing: December 14, 2020 at 8:30am<br><br>**DECLARATION OF NATHANIEL KLEINMAN IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS COUNTERCLAIMS** |

I, Nathaniel A. Kleinman, an attorney authorized to appear before this Court *pro hac vice*, do hereby declare pursuant to 28 U.S.C. § 1746, as follows:

1.      I am one of the attorneys for Plaintiff Steven Mitchell ("Plaintiff") in this action. I have personal knowledge of the facts contained in this declaration and am competent to testify to them.

2.      Attached hereto as Exhibit 1 is a true and correct copy of the "First Amended Class Action Complaint" in the case *Maloney v. T3Media, Inc.*, No. 2:14-cv-05048-AB-VBK, Dkt. No. 29 (C.D. Cal. Aug. 25, 2014). This is the operative complaint which was stricken by this Court pursuant to California's anti-SLAPP statute on preemption grounds. *See Maloney*, 94 F. Supp. 3d 1138 (C.D. Cal. 2015), *affirmed,* 853 F.3d 1004 (9th Cir. 2017).

3.      Attached hereto as Exhibit 2 is a true and correct copy of Defendant LeBron James's ("Defendant") Rule 26(a)(1) Initial Disclosures, which were served to Plaintiff's counsel on November 9, 2020.

4.      Because Defendant did not identify any specific social media content that allegedly forms the basis of his Counterclaims, and Plaintiff has not operated a Pinterest account in several years (Second Mitchell Decl. ¶ 4), I performed a simple Internet search to try to ascertain what Defendant could possibly be referring to with respect to his allegations of a Pinterest account. I discovered a Pinterest account under the name "Steve Mitchell" located at the URL https://co.pinterest.com/stev281384, and which includes limited content associated with Defendant as a member of the Miami Heat, however I understand that account does not belong to Plaintiff. (*See id*. ¶ 6.) I also searched "Steve Mitchell

Photography" and "Steven Mitchell Photography" on Pinterest and found no accounts associated with Plaintiff or that reference Defendant James.

5. It is unclear whether Defendant's allegations are based on social media accounts that actually are owned/operated by Plaintiff. For example, there are several accounts on Instagram with the same or similar names, including two other "Steven Mitchell Photography" accounts unrelated to Plaintiff, located at:

- https://www.instagram.com/sgm_photography/; and
- https://www.instagram.com/stevenmitchellphotography/?hl=en.

6. The potential for confusion is further demonstrated by the fact that the Declaration of Oscar Figueroa (Dkt. No. 78-2 ("Figueroa Decl.")) submitted with Defendant's opposition brief includes a hyperlink to a website owned by a *different* Steven Mitchell—a British wedding photographer by the same name. (*See* Figueroa Decl. ¶ 2 (stating that "On November 11, 2020, I went to www.stevenmitchellphotography.com.").)

I hereby declare, under penalty of perjury, that the foregoing is true and correct.

Executed this 30th day of November, 2020.

By: _____
Nathaniel A. Kleinman

---

DECLARATION OF NATHANIEL KLEINMAN
IN SUPPORT OF PLAINTIFF'S MOTION TO DISMISS    - 3 -    CASE NO. 2:20-CV-08188-GW-JPR