**EXHIBIT 2**

1  Jeffrey M. Goldman (SBN 233840)
     Email: jeffrey.goldman@troutman.com
2  **TROUTMAN PEPPER HAMILTON SANDERS LLP**
   350 South Grand Avenue, Suite 3400
3  Los Angeles, CA 90071
   Tel: 213-928-9800
4  Fax:  866-728-3537

5  Howard Shire (admitted *pro hac vice*)
     Email: howard.shire@troutman.com
6  **TROUTMAN PEPPER HAMILTON SANDERS LLP**
   620 Eighth Avenue, 37th Floor
7  New York, NY 10018
   Tel: 212-808-2700
8  Fax:  212-286-9806

9
   Attorneys for Defendant
10  LEBRON JAMES

11

12  **UNITED STATES DISTRICT COURT**

13  **CENTRAL DISTRICT OF CALIFORNIA**

14

15  STEVEN MITCHELL,                    Case No.  2:20-cv-08188-GW-JPR

16              Plaintiff,              Honorable George H. Wu
                                        Courtroom: 9D
16       v.
17                                      **DEFENDANT LEBRON JAMES'**
   LEBRON JAMES,                        **INITIAL DISCLOSURES**
18                                      **PURSUANT TO FEDERAL RULE**
              Defendant.                **OF CIVIL PROCEDURE 26(a)(1)**
19

20

21

22

23

24

25

26

27

28

1

1  Pursuant to Federal Rule of Civil Procedure 26(a)(1), and this Court's
2  Scheduling Order, policies and procedures, Defendant LeBron James
3  ("Defendant"), provides the following Initial Disclosures to Plaintiff, Steven
4  Mitchell ("Plaintiff").

5  These disclosures are based upon the information reasonably available to
6  Defendant at this time. Defendant's investigation is on-going. As discovery
7  progresses, Defendant reserves the right to revise, clarify, or supplement these
8  disclosures pursuant to Federal Rule of Civil Procedure 26(e)(1) or any other
9  applicable rule. Information or materials protected by the attorney-client privilege
10 and/or work product doctrine will not be disclosed as part of these initial
11 disclosures. Defendant reserves the right to object to the production and/or
12 introduction of evidence of these disclosures and/or any document within the
13 categories described below as well as to any testimony by any of the disclosed
14 witnesses on the basis of competency, privilege, relevancy, materiality, hearsay,
15 undue burden, or any other proper ground. Defendant will produce documents after
16 entry of an agreeable Protective Order governing the confidentiality of documents
17 and information produced in this action.

18 All of the disclosures set forth below are made subject to the above
19 qualifications.

20 **I.    Individuals Likely to Have Discoverable Information (Fed. R. Civ. P.**
21 **26(a)(1)(A)(i))**

22 Based on information currently available, Defendant provides the names of
23 each individual believed likely to have discoverable information which Defendant
24 may use to support his claims and defenses and the subject(s) of that information.
25 Defendant and Michele Campbell may be reached through the undersigned counsel.

26      1.    Plaintiff Steven Mitchell has knowledge of the claims and defenses set
27            forth in the first amended complaint and counterclaims;

28

2.   Defendant LeBron James has knowledge of the claims and defenses set forth in the first amended complaint and counterclaims;

3.   Michele Campbell has knowledge of the claims and defenses set forth in the first amended complaint and counterclaims;

4.   Certain persons who may be identified by Plaintiff in his Rule 26(a)(1) Initial Disclosures;

5.   Other third parties may have information or knowledge of Plaintiff's allegations and claimed damages, as well as the authenticity of any documents produced, the identity of whom may be obtained through discovery;

6.   Defendant reserves the right to add additional witnesses as they become known through the course of discovery and litigation in this matter; and

7.   Defendant further reserves the right to supplement these disclosures upon receiving additional information concerning the nature of Plaintiff's claims and alleged damages.

## II.   Documents (Fed. R. Civ. P. 26(a)(1)(A)(ii))

Defendant provides the following categories of non-privileged documents, electronically stored information, and tangible things (collectively "documents") that Defendant currently has in his possession, custody, or control and may use to support his claims and/or defenses, unless the use would be solely for impeachment. By providing the following description of documents, Defendant does not waive his right to object to the production of any document in his possession, custody or control based on grounds of attorney-client privilege, work product immunity, or other applicable privilege.

1.   Documents concerning Defendant's posting of the photograph in question;

2.   Documents concerning Plaintiff's unauthorized use of Defendant's

3

image and likeness;

3.    Documents refuting Plaintiff's claim for copyright infringement;

4.    Documents refuting Plaintiff's claim for unauthorized removal of copyright management information; and

5.    Documents supporting Defendant's defenses and counterclaims.

The above listing in no way limits Defendant's ability to present documentary evidence as it becomes known. To the extent these documents are in Defendant's custody or control, they are located at the offices of Defendant's counsel.

In addition to the above-described documents, Defendant may also rely upon publicly available documents, documents and things in the possession, custody or control of Plaintiff and third parties in this action.

Defendant's investigation of the facts and circumstances surrounding this case is ongoing, and Defendant will supplement this disclosure as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court.

**III.    Damages Computation (Fed. R. Civ. P. 26(a)(1)(A)(iii))**

Defendant currently is investigating the nature and extent of his damages in this action. At this point, Defendant expects to seek damages of at least $1,000,000 for Plaintiff's unauthorized use of his image and likeness. It is Defendant's position that Plaintiff is not entitled to any money damages, attorneys' fees, costs, and/or equitable remedies whatsoever. Defendant will also seek recovery of his attorneys' fees should the Court determine that Defendant is the prevailing party.

**IV.    Insurance Agreements (Fed. R. Civ. P. 26(a)(1)(A)(iv))**

Defendant has identified no insurance agreement impacted by this action at this stage of the proceedings.

Defendant's investigation of the facts and circumstances surrounding this action is ongoing, and Defendant may supplement this disclosure as appropriate under the Federal Rules of Civil Procedure and the Local Rules of this Court. By

4

providing the Disclosure set forth above, Defendant does not waive any privilege and/or confidentiality that may attach thereto. Further, Defendant does not concede, agree, admit, or waive any ultimate determination of relevance or admissibility of any such disclosure for any purpose.

Dated:        November 9, 2020

TROUTMAN PEPPER HAMILTON SANDERS LLP

By: */s/ Jeffrey M .Goldman*
Howard Shire (*pro hac vice*)
Jeffrey M. Goldman
Attorneys for Defendant
LEBRON JAMES

DEFENDANT'S INITIAL DISCLOSURES

## **PROOF OF SERVICE**

I, Julie M. Valenzuela, declare:

I am a citizen of the United States and employed in Orange County, California.  I am over the age of 18 and not a party to the within action; my business address is 5 Park Plaza, Suite 1400, Irvine, California 92614-2545.

On November 9, 2020, I served the following document(s) described as:

## **DEFENDANT LEBRON JAMES' INITIAL DISCLOSURES PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(a)(1)**

☒   **BY MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Irvine, CA, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postage cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY OVERNIGHT MAIL**: As follows: I am readily familiar with the firm's practice of collection and processing correspondence for overnight mailing. Under that practice, it would be deposited with overnight mail on that same day prepaid at Irvine, CA in the ordinary course of business.

☒   **BY ELECTRONIC MAIL**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses, as last given or submitted on any document which he or she has filed in the case, listed on the attached service list.

Andrew Delahunt, Esq.
Law Office of Andrew Delahunt
1801 Century Park East, 24th Floor
Los Angeles, CA 90067
Tel: (310) 984-6762
Fax: (310) 775-4466
andrew@andrewdelahunt.com

Kevin McCulloch, Esq.
Nate Kleinman, Esq.
McCulloch Kleinman Law
501 Fifth Avenue, Suite 1809
New York, NY 10017
Telephone: (212) 355-6050
Fax: (206) 219-6358
kevin@mkiplaw.com
nate@mkiplaw.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 9, 2020, at Santa Ana, California.

_____

Julie M. Valenzuela

DEFENDANT'S INITIAL DISCLOSURES